# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

MARTIQUE KING,           )
                         )
    Petitioner,     )
                         )
v.                       )  Case No. CV411-269
                         )
AL. ST. LAWRENCE,        )
                         )
    Respondent.     )

## REPORT AND RECOMMENDATION

Facing prosecution in state court for burglary and other crimes, *see* doc. 3 at 4-5, Martique Nashawn King launched in this Court a series of "take that!" 42 U.S.C. § 1983 lawsuits against various individuals and the court involved in that prosecution. An order issued in *King v. Ihrig*, CV411-189 (S.D. Ga.), explained that they are all frivolous. CV411-189, doc. 7, *adopted*, doc. 9. King also filed for habeas relief in this case, and the Court advised its dismissal for lack of exhaustion. CV411-269, doc. 3. King Objected on the ground that he invoked 28 U.S.C. § 2241, doc. 5,[1] and the district judge agreed, thus re-referring the matter for reassessment under § 2241. Doc. 7.

---

[1] In fact, he had invoked both § 2241 and § 2254. Doc. 1 at 1.

King himself discloses that his prosecution is ongoing. Doc. 3 at 4-5. He has thus deprived the state courts of a fair opportunity to address his claims before bringing his petition to this Court. And "[e]ven though [King] brought his petition seeking habeas relief under § 2241, he is nevertheless subject to § 2254's exhaustion requirement." *Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004).

Under 28 U.S.C. § 2254(b)(1)(A), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." *Id.*; *see O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999) ("Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court."). An applicant for federal habeas relief has not exhausted his state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S .C. § 2254(c).

Because it "plainly appears from the petition . . . that the petitioner is not entitled to relief" at this time, the Court "must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Governing

Section 2254 Cases. Accordingly, this petition should be **DISMISSED** without prejudice for lack of exhaustion.

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving sua sponte denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this   12th   day of December, 2011.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA