UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| MARTIQUE KING, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CV411-269 |
| | ) |
| AL. ST. LAWRENCE, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Months ago the Court gave inmate Martique Nashawn King 14 days to show that he has exhausted this 28 U.S.C. § 2241 remedy in this case. Doc. 10 at 3. Construing the remainder of his *pro se* filings liberally, the Court also noted that "a civil damages claim *might* be derived from his allegation that he was arrested without a warrant and not timely provided a preliminary hearing. *See County of Riverside v. McLaughlin*, 500 U.S. 44 (1991)." *Id.* at 3. And he was "free to raise such claim on a form 42 U.S.C. § 1983 complaint form that his jail avails to him." *Id.* at 4. That Order was later returned as undeliverable with a notation stating that plaintiff is no longer at that address. Doc. 11 at 6.

Plaintiff has neglected to provide the Court with a current mailing address despite his continuing duty to keep the Court apprised of his current address. S.D. Ga. LR 11.1. Without a litigant's current mailing address, the Court cannot move the case forward or even communicate with plaintiff. Hence, this case amounts to no more than dead wood, and the Court has the inherent power to prune the case from its docket. Accordingly, plaintiff's complaint should be **DISMISSED** without prejudice for his failure to prosecute this action. S.D. Ga. LR 41(b); *see Link v. Wabash Railroad Co.*, 370 U.S. 626, 630–31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, No. CV491-277 (S.D. Ga. June 10, 1992).

**SO REPORTED AND RECOMMENDED** this 29th day of October, 2012.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA